1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES D. AIRY,

11             Plaintiff,                    No. CIV S-10-1035 GGH P

12        vs.

13   SCHWARZENEGGER, et. al.,

14             Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to Title II

17   of the American's with Disabilities Act and has requested authority pursuant to 28 U.S.C. § 1915

18   to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302

19   pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  No initial filing fee will be assessed at this time.  28 U.S.C.

24   § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial

25   partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments will be forwarded

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

        The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges violations of the American's with Disabilities Act (ADA).[1] Plaintiff states he has a psychiatric disability and he is in the Enhanced Outpatient Program (EOP), however plaintiff never identifies his disability with any specificity.  Plaintiff contends that EOP inmates are not allowed to participate in certain recreational programs that other non-disabled inmates are allowed to do.  Plaintiff states that the EOP inmates must use a small recreation yard, while other inmates use a larger yard.  Apparently the smaller yard does not have the same equipment, lacking jump ropes and medicine balls.  In addition, plaintiff states that EOP inmates are denied access to the full court basketball court, handball court and softball field. Plaintiff also states EOP inmates do not have yard canteen privileges.

In the exhibits annexed to the complaint, plaintiff has included replies to his inmate appeals.  Prison officials replied that EOP inmates have their own yard and do not use the main yard to prevent general population inmates from interfering with the EOP inmates and their clinical treatment.  It was also noted that while EOP inmates could not use the canteen on the main yard, they were allowed to use the other canteens.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

---

[1] Plaintiff styles his complaint as a class action but he is appearing pro se, and cannot therefore represent the interests of a class, see McShane v. United States, 366 F.2d 286 (9th Cir. 1966), and the court cannot allow a purported class action to proceed without counsel, Chesney v. Seifert, 70 F.3d 1277 (9th Cir. 1995).  Accordingly, the instant action is treated not as a class action but instead as an action brought by plaintiff individually.

1    the benefits of the services, programs, or activities of a public entity, or be subject to

2    discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within

3    state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952, 1955,

4    141 L.Ed.2d 215 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997);

5    Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir.1996).

6         In order to state a claim that a public program or service violated Title II of the

7    ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

8    excluded from participation in or denied the benefits of a public entity's services, programs, or

9    activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

10   denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland,

11   386 F.3d 1259, 1265 (9th Cir. 2004).

12        A "disability" is defined by the ADA as "a physical or mental impairment that

13   substantially limits one or more of the major life activities of such individual."  42 U.S.C. §

14   12102(2)(A).  The regulations implementing the ADA define "mental impairment" as "[a]ny

15   mental or psychological disorder such as ... organic brain syndrome, emotional or mental illness,

16   and specific learning disabilities."  28 C.F.R. § 35.104.

17        Plaintiff has not provided enough information to show that he is a qualified

18   individual.  Simply stating he has a psychiatric disability is not sufficient.  Plaintiff must provide

19   additional information.  In addition, plaintiff must describe in more detail how the exclusion

20   from the main yard is discriminatory by reason of his disability.  It appears, that EOP inmates are

21   kept separate from the general population for the safety of those in the EOP program.

22        The Court is mindful that "prison administrators should be accorded wide-ranging

23   deference in the adoption and execution of policies and practices that in their judgment are

24   needed to preserve internal order and discipline and to maintain institutional security[,]"  Whitley

25   v. Alberts, 475 U.S. 312, 321-22, 106 S.Ct. 1078 (1986) (quoting Bell v. Wolfish, 441 U.S. 520,

26   547, 99 S.Ct. 1861 (1979)), and that the judiciary is "ill equipped" to deal with difficult issues of

4

prison administration.  Thornburgh v. Abbott, 490 U.S. 401, 407-08, 109 S.Ct. 1874 (1989).

Thus, plaintiff's complaint will be dismissed with leave to amend within twenty-eight days from service of this order.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is not assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: June 4, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
airy1035.b

5